**Edward Lee SUGGS, Petitioner— Appellant,**

v.

**J.W. HUSKEY, Respondent—Appellee.**

No. 01–56851.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2003.

Decided May 27, 2003.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM *

California state prisoner Edward Lee Suggs ("Suggs") appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, challenging his conviction for possession of a controlled substance. He contends that he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

Suggs argues that his counsel was ineffective for failing to file a notice of appeal ("NOA") on his behalf despite his request to do so. In order to succeed on this claim, Suggs must show that his counsel's actions were objectively unreasonable. *Strickland v. Washington*, 466 U.S. 668, 687–691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must also show prejudice. *Id.* at 694.

Suggs cannot show the required prejudice because counsel's decision not to file the NOA did not "actually cause the forfeiture of the [his] appeal." *Roe v. Flores–Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Suggs, in fact, filed a notice of appeal on November 9, 1999. Although his notice appears to have been erroneously disregarded by the Superior Court as a duplicate, court personnel, not counsel, caused this error. Given that an intervening error, not attributable to counsel, interfered with Suggs' timely filed appeal, he cannot show that "but for counsel's deficient performance," he would have appealed. *Id.*

More importantly, Suggs was not "deprive[d] . . . of an appeal he otherwise

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

would have taken." *Id.* Suggs was given an opportunity to correct the error, but his Petition for Writ of Habeas Corpus and/or Application for Relief from Default Re: Notice of Appeal[2] stated that "I would like to proceed with the w[r]it and forget about the appeal." He thus waived his appeal and cannot now contend that he was prejudiced by counsel.[3]

The judgment of the district court is **AFFIRMED.**

**2.** Suggs acted under a state law which provides that defense counsel's failure to file a NOA "shall not foreclose any defendant from filing a notice of appeal on his or her own behalf or from raising any point or argument on appeal." Cal. Pen.Code § 1240.1(d).

**3.** Suggs also requests in his brief that the panel expand his certificate of appealability to include a claim that his counsel was ineffec-

tive for failing to call additional witnesses. Suggs should have raised this issue in a separate motion after the completion of briefing. *See* Ninth Cir. R. 22–1(d), and accompanying Advisory Committee Notes. In any event, Suggs has not made a "substantial showing of the denial of a constitutional right" on this issue. 28 U.S.C. § 2253(c)(2).